# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS AND GERI MCKINNON, | |
|     Plaintiff, | Case No. 2:11-cv-00607- KJD- GWF |
| vs. | **ORDER** |
| INDYMAC BANK, F.S.B., *et al.*, | Motion to Strike Plaintiff's Surreplies (#43) |
|     Defendants. | |

    This matter is before the Court on Defendants One West Bank, FSB and NDEX West, LLC's Motion to Strike Plaintiffs' Surreplies (#43), filed on December 19, 2012; and Plaintiffs' Response to Defendants One West Bank FSB and NDEX West LLC's Motion to Strike Plaintiffs' Surreplies (#45), filed on January 6, 2012. Defendants One West Bank and NDEX West LLC ("Defendants") request the Court strike Plaintiffs' Motion for Leave and Plaintiffs' Surreply to Defendant's One West Bank FSB's Reply to Plaintiffs' Response to Motion to Dismiss and Judicial Notice (#39) and Plaintiffs' Motion for Leave and Plaintiffs' Surreply to Defendant's One West Bank FSB's Reply to Plaintiffs' Response to Motion to Expunge (#40). Defendants argue that the surreplies should be stricken because they are redundant and the Local Rules do not provide a provision for the filing of a surreply. Plaintiffs however argue that the Court should accept their surreplies because they are necessary to set the record straight. Plaintiffs further claim that they were not served with Defendants' Replies to the Motion to Dismiss and Motion to Expunge.

    The Court agrees with Defendants' assessment. Local Rule 7(b) outlines the briefing schedule for motions before the court and does not allow for the filing of a surreply, absent the

court's permission.  The Court has reviewed the Plaintiffs' Surreplies and finds that they merely reiterate the arguments that the Plaintiffs have already presented to the Court.  Although the Court has discretion to allow any party to file a surreply, that discretion is appropriate when the moving party presents new arguments in its reply brief.  *See Concerned Citizens for a Safe Community v. Office of Federal Detention Trustee*, 2011 WL 5041195, *1 (D.Nev.,2011); *see also Heffelfinger v. Electronic Data Systems Corp.*, 580 F.Supp.2d 933, 966 n. 116 (C.D.Cal.2008) (stating that the Court's exercise of discretion in favor of allowing a surreply is appropriate where the movant raises new arguments in its reply brief).  It does not appear Defendants raised any new arguments in their Replies (#37 and #38) that would warrant such an exercise of discretion in this case.

Plaintiffs further claim that they were not served with Defendants' Replies (#37 and # 38). It appears however that Plaintiffs have since received a copy of the Replies and the Defendants have supplemented the record by filing an Amended Certificate of Service (#41) indicating such. Defendants' failure to initially serve Plaintiffs with their Replies however has no bearing on the Court's decision whether to grant the Plaintiffs leave to file a surreply.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants Onewest Bank, FSB and NDEX West, LLC's Motion to Strike Plaintiff's Surreplies (#43) is **granted**.  Plaintiffs' Motion for Leave and Plaintiff's Surreply to Defendant's One West Bank FSB's Reply to Plaintiffs Response to Motion to Dismiss and Judicial Notice (#39) and Plaintiffs' Motion for Leave and Plaintiff's Surreply to Defendant's One West Bank FSB's Reply to Plaintiffs Response to Motion to Expunge (#40) are **stricken** from the civil docket.

DATED this 20th day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge