# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS MCKINNON, *et al.*,

    Plaintiffs,

v.

INDYMAC BANK F.S.B., *et al.*,

    Defendants.

Case No. 2:11-CV-00607-KJD-GWF

**ORDER**

    Before the Court is Defendant Lawyers Title Insurance Company's Motion to Dismiss (#10). Defendant NDEX West, LLC filed a joinder (#15) to this Motion. Plaintiffs filed an opposition (#16) and NDEX West and Lawyers Title filed replies (## 17, 18). NDEX West also filed a Motion for Hearing (#19).

    Also before the Court is the Motion to Dismiss filed by Defendant OneWest Bank, FSB (#20). Lawyers Title filed a joinder to this Motion (#22). Plaintiffs filed an opposition (#31) and Defendants NDEX West and OneWest filed a reply (#38). Plaintiff filed a surreply (#39).

    Also before the Court is OneWest Bank's Motion to Expunge Lis Pendens (#21). Plaintiffs filed an opposition (#31) and Defendants NDEX West and OneWest Bank filed a reply (#38). Plaintiff filed a surreply (#40).

    The Court rules on these motions together herein.

I. Background

In September 2006, Plaintiffs borrowed $223,275 from IndyMac Bank (predecessor to Defendant OneWest Bank). Plaintiffs purchased a home at 6208 Sweetbriar Court, Las Vegas, Nevada (the "Property"). Plaintiffs executed a Promissory Note (the "Note") in favor of Indymac and secured it with a Deed of Trust against the Property.[1] The Deed of Trust identified Indymac as Lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominal beneficiary "acting on behalf of the Lender, its successors and assigns."

Plaintiffs fell behind on their mortgage payments in September, 2009. On December 28, 2009, NDEX West, LLC, as agent for MERS, recorded a Notice of Breach and Election to Sell Under Deed of Trust ("Notice of Default") against the Property. On January 21, 2010, MERS, acting as nominee for Indymac, executed an Assignment of Deed of Trust in favor of OneWest Bank, assigning the beneficial interest in the Deed of Trust "together with the note or notes therein."

The parties participated in the state Foreclosure Mediation Program on July 20, 2010. The parties reached an agreement to conduct a short sale of the Property in lieu of foreclosure (the "Mediation Agreement"). However, no short sale of the property occurred and Plaintiffs filed a Petition for Judicial Review, seeking to avoid the terms of the Mediation Agreement. The state court denied Plaintiffs' petition to set aside the Mediation Agreement and the Foreclosure Mediation Program issued a Foreclosure Certificate on May 17, 2011.

Plaintiffs filed this action in March of 2011. Plaintiffs claim wrongful foreclosure, violations of N.R.S. § 598D, violations of the Truth in Lending Act, breach of contract, and cancellation of written instruments. Plaintiffs also seek to quiet title and seek injunctive and declaratory relief.

Although the Complaint and the opposition to Lawyers Title's Motion to Dismiss was filed by Plaintiffs' attorney, an Order (#36) granting a Motion to Withdraw as Attorney was granted on

---

[1] The Court takes judicial notice of documents that are not subject to reasonable dispute and are in the public record, pursuant to Fed. R. Evid. 201. Consideration of these documents is appropriate at the motion to dismiss stage. See Branch v. Tunnell, 14 F3d 449, 454 (9th Cir. 1994).

November 15, 2011.  Plaintiffs are now proceeding *pro se*.  Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

II. Discussion

    A. Legal Standard

    A.  Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

    B.  Claims Against Lawyers Title

Lawyers Title was originally named as the Trustee on the Deed of Trust.  However, on October 11, 2006, Lawyers Title was substituted out as trustee and had no further involvement in the servicing of Plaintiffs' Loan or the foreclosure process.  Plaintiffs' Complaint does not allege specific acts by Lawyers Title relating to any of its claims.  Plaintiffs have failed to set forth any facts that would allow the Court to draw any inference that Lawyers Title is liable for the alleged misconduct. See Iqubal, 129 S.Ct. at 1949.  Accordingly, all claims against Lawyers Title are dismissed.

C.  Wrongful Foreclosure

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. See Collins v. Union Federal Sav. & Loan Ass'n, 99 Nev. 284, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate).

Plaintiffs argue that the Notice of Default was defective because Defendant NDEX West lacked authority to issue the Notice of Default.  However, the Notice of Default indicates that NDEX West was "the duly appointed Trustee, or acting as Agent for the Trustee or Beneficiary."  See Karl v. Quality Loan Service Corp.,  759 F.Supp.2d 1240, 1246 (D.Nev. 2010) (no defect in Notice of Dismissal containing same language).  Accordingly, the Notice of Default was sufficient.

Plaintiffs also argues that MERS lacks authority to foreclose on the Property because it does not hold both the Note and Deed of Trust, but is instead a nominal beneficiary.  This contention has been rejected in the courts of this district.  See, e.g., Ramos v. Mortgage Electronic Registration Systems, Inc., 2009 WL 5651132 at 7 (D.Nev. 2009) ("[U]nder the deed of trust, MERS was empowered to foreclose on the property and to appoint [another defendant] as substitute trustee for purpose of conducting the foreclosure"). Plaintiffs' claims based on this discredited argument fail.

Plaintiffs do not allege in their Complaint that they are current on their mortgage.  Judicially noticeable documents, including the Foreclosure Certificate, indicate that they are not.  Additionally, they do not allege that a foreclosure has taken place.  Plaintiffs cannot maintain a cause of action for the tort of wrongful foreclosure where they are in default and where no foreclosure has occurred.  See Collins, supra.  Accordingly, claim for wrongful foreclosure fails and is dismissed.

D.  Violation of the Unfair Lending Practices Act Truth in Lending Act

Plaintiffs' loan was originated on September 26, 2006.  N.R.S. § 598D.100 was amended in 2007, with an effective date of June 13, 2007. See 2007 Nev. Stat. §§ 2844-46. It is the pre-2007 version of the statute that applies to the present case.  That version of statute prohibited a lender from

making "a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets...." N.R.S. § 598D.100 (2006).

This section has only ever applied to "home loan[s]," and the pre-2007 version of the statute required loans to qualify as "a mortgage under § 152 of the Home Ownership and Equity Protection Act of 1994 ('HOEPA'), 15 U.S.C. § 1602(aa) ...." in order to qualify as a "home loan" under N.R.S. § 598D.040. Id. HOEPA § 152 excludes "residential mortgage transactions" from coverage. 15 U.S.C. § 1602(aa)(1). "Residential mortgage transaction[s]" include those where a deed of trust is created or retained against the consumer's dwelling to finance its acquisition or construction. 15 U.S.C. § 1602(w). HOEPA applies to credit transactions where a person secures a debt obligation with a security interest against his existing "principal dwelling," but it excludes "residential mortgage transaction[s]" otherwise known as purchase money mortgages. McAnaney v. Astoria Fin. Corp., 2009 WL 315 0430, at *16 (E.D.N.Y. 2009); Llaban v. Carrington Mortgage Servs., LLC, 2009 WL 2870154, at *5 (S.D.Cal. 2009). Therefore, even the pre-2007 version of the statute is inapplicable in the present case since the loan was initiated to purchase the Property – Plaintiffs' residence. Additionally, the three-year statute of limitations expired on this cause of action in 2009, over two years before the Complaint was filed September 26, 2009. See N.R.S. § 11.190(3)(a).

Plaintiffs' claims are also barred under the federal Truth in Lending Act 15 U.S.C. § 1602, *et seq*. of which HOEPA is a part since it is a residential mortgage and since it was not brought within three years of the origination of the loan. Accordingly, these claims are dismissed.

E. Breach of Contract

To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages. Calloway v. City of Reno, 1993 P.2d 1259, 1263 (2000). Basic contract principles require, for an enforceable contract, an offer and

acceptance, meeting of the minds, and consideration." May v. Anderson, 121 Nev. 668, 672, 119 (2005).

Plaintiffs have not claimed that they performed their obligations by paying their mortgage and do not set forth any facts showing how any of the Defendants breached a contract or what provision they breached. The Loan documents provide for foreclosure against the property in the event of default. Plaintiffs' claim lacks sufficient factual matter to state any plausible claim for relief against the moving Defendants. See Iqbal, 129 S.Ct. At 1949; Fed. R. Civ. P. 8(a)(2). Accordingly, Defendants' Motion to Dismiss the breach of contract claim is dismissed.

F. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S.§ 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985). A borrower cannot quiet title to a property without discharging any debt owed. See Fuleihan v. Wells Fargo, 2010 WL 3724186 at *5 (D.Nev. 2010). Courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted).

Defendant NDEX West has no claim to the Property so the quiet title claim is only asserted against Defendant OneWest Bank. As discussed *supra,* Plaintiffs' arguments that the Notice of Default was defective and that MERS lacks authority to foreclose are without merit. Even if there was merit to these claims, quiet title would not rest with Plaintiffs. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir.2011) (even if procedural defect claim were true, "we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose."). Plaintiffs fail to plead facts showing that good title rests with them. They

acknowledge that the Property is still encumbered by a mortgage.  (See Compl. at ¶ 20.)  Plaintiffs cannot quiet title without discharging debt owed on the Property.  Accordingly, the claim for quiet title fails.

      G.  Cancellation of Written Instruments

Cancellation of the contract or rescission "is a remedy, equitable in nature, that allows an aggrieved party to a contract to abrogate totally, or cancel, the contract, with the final result that the parties are returned to the position they occupied prior to formation of the contract. Great American Ins. Co. v. General Builders, Inc., 113 Nev. 346, 354 (Nev. 1997) citing Bergstrom v. Estate of DeVoe, 109 Nev. 575, 577 (1993).  A plaintiff, seeking rescission "must restore the defendant to the position he occupied before the transaction in question. Such restoration entails the restoration of all benefits and profits which the plaintiff may have realized from the transaction." Stanley v. Limberys, 74 Nev. 109, 113, 323 P.2d 925, 927 (Nev.1958).

Plaintiffs do not dispute that they are in default on their mortgage and Plaintiffs have failed to comply with the Mediation Agreement which provided for a short sale of the Property   The pleadings do not indicate that Plaintiffs seek to place Defendants back into the position they were in prior to the transaction in question and Plaintiffs have not alleged any facts showing that they are entitled to equitable cancellation of the written instruments at issue here.  Accordingly, this claim is dismissed.

      H.  Injunctive Relief

Declaratory relief is not a separate cause of action or an independent ground for relief. See In re Wal–Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action).  Since the Court has dismissed each of Plaintiffs' underlying claims, they are not entitled to declaratory or injunctive relief.

III.  Motion to Expunge Lis Pendens

NRS § 14.010 allows a Notice of Pendency or a Lis Pendens to be filed for an action pending

in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court. NRS § 14.010(2). This Order dismisses this action. Accordingly, the Motion to Expunge Lis Pendens is granted.

IV.  Conclusion

**IT IS HEREBY ORDERED THAT** Lawyers Title Insurance Company's Motion to Dismiss (#10), to which NDEX West, LLC filed a joinder (#15) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** NDEX West's Motion for Hearing (#19) is **DENIED** as moot.

**IT IS FURTHER ORDERED THAT** OneWest's Motion to Dismiss (#20) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** OneWest's Motion to Expunge Lis Pendens (#21) is **GRANTED**.

DATED this 23rd day of January 2012.

_____
Kent J. Dawson
United States District Judge