# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS MCKINNON, *et al.*,

    Plaintiffs,

v.

INDYMAC BANK F.S.B., *et al.*,

    Defendants.

Case No. 2:11-CV-00607-KJD-GWF

**ORDER**

    Before the Court is Plaintiffs' Motion to Vacate and For Relief for Judgment (#51). Defendant Lawyers Title Insurance Company has filed an opposition (#56) and Plaintiffs have filed a reply (#57).

    Also before the Court is Plaintiffs' Emergency Motion to Report a Crime (#55). Defendants NDEX West, LLC, and OneWest Bank, FSB have filed a response (#60). Plaintiffs have filed a Motion to Strike NDEX West and OneWest's response (#62).

I. Background

    On January 23, 2012, the Court issued an Order (#47) granting motions to dismiss by Defendants NDEX West, OneWest Bank and Lawyers Title. The Court noted that "Plaintiffs'

Complaint does not allege specific acts by Lawyers Title relating to any of its claims" and that "Plaintiffs have failed to set forth any facts that would allow the Court to draw any inference that Lawyers Title is liable for the alleged misconduct." The Court also noted that Plaintiffs' claim for wrongful foreclosure failed because Plaintiffs are in default on their mortgage, that their Unfair Lending Practices and Truth in Lending Act claims were defective and barred by the statute of limitations, that their breach of contract claim failed because they were in default, and that their requests for equitable and injunctive reliefs were unsupported. The Clerk of Court issued a judgment against Plaintiffs (#48). Plaintiffs filed a new case before Judge James C. Mahan (2:12-cv-00329-JCM-VCF) which was also dismissed (#43).

II. Motion for Relief from Judgment

Plaintiffs have moved for relief from judgment under Fed. R. Civ. P. 60(b). A Motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backland v. Barnhart, 778 F.2d 1386, 1388 (1985). Relief under exception six requires a finding of "extraordinary circumstances." Id. citing McConnell v. MEBA Medical & Benefits Plan, 759 F.2d 1401, 1407 (9th Cir.1985). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." Brown v. Kinross Gold, U.S.A., 378 F.Supp.2d 1280, 1288 (D. Nev. 2005); see Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995). "A party cannot have relief under this rule merely because he or she is unhappy with the judgment." Khan v. Fasano, 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001).

The Complaint and the opposition to at least one of the Motions to Dismiss was filed by Plaintiffs' attorney. However, an Order (#36) November 15, 2011granting a Motion to Withdraw as Attorney was granted on November 15, 2011. Plaintiffs are now proceeding *Pro Se*. Courts must liberally construe the pleadings of pro se parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more

favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

### 1. Newly Discovered Evidence

In order to form a basis for relief from judgment, newly discovered evidence must, *inter alia*, be likely to produce a different outcome. Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990) (in order for newly discovered evidence to warrant relief from judgment, it must be likely to produce a different outcome).

Plaintiffs contend that newly discovered evidence showing that the note and deed of trust were sold into a Fannie Mae mortgage backed security would probably produce a different outcome. Plaintiffs have not shown how the evidence would implicate Defendant Lawyers Title, because the complaint failed to make allegations which showed its involvement with the foreclosure. Further, Plaintiffs' argue that the outcome would be different based on a rehashing of the discredited "show me the note" argument which has been repeatedly rejected in Nevada. See, e.g., Ernestberg v. Mortgage Investors Group, 2009 WL 160241, *4–*5 (D.Nev. Jan. 22, 2009). As noted in the Court's Order granting the Motions to Dismiss, it is undisputed that Plaintiffs were in default on their loan and accordingly, the Complaint failed to state claims for wrongful foreclosure or breach of contract. To the extent that Plaintiffs argue that the newly discovered evidence demonstrates fraud by defendants, reconsideration is inappropriate because Plaintiffs' Complaint did not state a claim for fraud. Accordingly, reconsideration based on newly discovered evidence is inappropriate.

### 2. Void Judgment

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." U. Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010). Generally, a judgment is only void where the Court lacked jurisdiction. Id.

Plaintiffs do not argue that the Court lacked jurisdiction. Instead, they argue that the judgment is void because they were denied the opportunity to present evidence. The Federal Rules

give courts broad authority to dismiss complaints which fail to state a claim.  See Fed. R. Civ. P. 12(b) and 8(a).  Plaintiffs' have not shown any fundamental infirmity that would cause the judgment to be void.  Accordingly, reconsideration on this basis is denied.

### 3.  Attorney Abandonment

Relief under Rule 60(b) for attorney abandonment or gross negligence is generally limited to situations where a default has occurred.  See Cranmer v. Tyconic, Inc., 278 Fed.Appx. 744, 747 (9th Cir. 2008)

Plaintiffs argue that their counsel's withdrawal constituted attorney abandonment that was so egregious that it should for a basis for relief from the Court's judgment.  This defective complaint dismissed by this Court was filed by Plaintiffs' attorney.  Plaintiffs' attorney responded to one of the Motions to Dismiss.  Plaintiffs notified the Court that they would act *pro se* (#42), filed responses to the motions to dismiss, and have actively litigated their claims.  Even if Plaintiffs had been represented by counsel, the results would have been no different because the Complaint filed by Plaintiffs' attorney failed to state viable claims. Accordingly, Plaintiffs are not entitled to relief from the judgment based on attorney abandonment.

### III. Motion to Report a Crime

Plaintiffs claim that the Promissory Note relating to their mortgage is a forgery and seek to report various crimes pursuant to various federal statutes. This motion is not proper and the Court will not entertain it.  Crimes are to be reported to law enforcement, not to courts.  This motion appears to be designed to harass Defendants and wastes the time of the Court.  Plaintiffs are warned that further improper motions of this type will result in them being ordered to pay the costs and fees incurred by Defendants in preparing responses.

### IV.  Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Vacate and For Relief for Judgment (#51) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs' Emergency Motion to Report a Crime (#55) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs' Motion to Strike (#62) is **DENIED**.

DATED this 4th day of September 2012.

_____
Kent J. Dawson
United States District Judge